United States v. Hightower

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of December, two thousand fourteen.

PRESENT: DENNIS JACOBS,
         DEBRA ANN LIVINGSTON,
         RAYMOND J. LOHIER, Jr.,
                    <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
         <u>Appellee</u>,

         -v.-                                    13-2821-cr

SEAN HIGHTOWER,
         <u>Defendant-Appellant</u>.[1]
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              Steven Yurowitz, Newman &
                            Greenberg, New York, New York.

_____

[1]The Clerk of Court is directed to amend the case caption as above.

1

**FOR APPELLEE:**                    Emily Berger, Lara Treinis Gatz,
                                     <u>for</u> Loretta E. Lynch, United
                                     States Attorney for the Eastern
                                     District of New York, Brooklyn,
                                     New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Seybert, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Sean Hightower appeals from the judgment of the United States District Court for the Eastern District of New York (Seybert, <u>J.</u>), sentencing him to 48 months imprisonment for violating conditions of his supervised release. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Hightower pled guilty in June 2006 to one count of conspiring to commit Hobbs Act robbery and one count of using a firearm in furtherance of that offense. The advisory range for Hightower's sentence pursuant to the U.S. Sentencing Guidelines ("USSG") was 84 to 90 months imprisonment. The district court departed downward from the Guidelines range, imposing a sentence of 72 months imprisonment (and three years supervised release). By May 19, 2012, as he neared the conclusion of his term of supervised release, Hightower was at the scene of a shooting in Brooklyn. He was charged with attempted murder, assault with intent to commit serious injury, criminal possession of a weapon, menacing, and hindering prosecution. Hightower pled guilty in New York state court to one count of hindering prosecution.

In the district court, Hightower admitted that the crime constituted a violation of his supervised release. The Guidelines range for this violation was three to nine months imprisonment. Both the Probation Department and the government recommended that the district court sentence Hightower to the maximum term of five years imprisonment, arguing that an earlier guilty plea and another violation of supervised release justified the upward departure. The district court imposed a sentence of 48 months imprisonment.

2

On appeal, Hightower challenges his sentence as procedurally and substantively unreasonable. He also contends that the district court could not sentence him to imprisonment at all because the district court had not advised him at his 2006 plea proceeding of the possibility of imprisonment for violating his supervised release.

We review sentences for reasonableness, United States v. Cossey, 632 F.3d 82, 86 (2d Cir. 2011) (per curiam), which "amounts to review for abuse of discretion," United States v. Cavera, 550 F.3d 180, 187 (2d Cir. 2008) (en banc). This concept applies both to "the sentence itself and to the procedures employed in arriving at the sentence." United States v. Verkhoglyad, 516 F.3d 122, 127 (2d Cir. 2008) (internal quotation marks omitted).

Hightower argues that his sentence was procedurally unreasonable because the court did not explicitly discuss factors that it was required to consider under 18 U.S.C. §§ 3553(a) and 3583(e)(3). "[T]he law in this circuit is well established that, in the absence of record evidence suggesting otherwise, we presume that a sentencing judge has faithfully discharged [the] duty to consider the statutory factors." Verkhoglyad, 516 F.3d at 129 (internal quotation marks omitted). No record evidence suggests that the district court either omitted to consider any required factors or considered any improper factors. To the contrary, the district court connected the sentence to several of the § 3553(a) factors, such as by discussing Hightower's history and characteristics and by explaining the need to protect the public from Hightower.

Hightower argues that the 48-month prison sentence was substantively unreasonable. The requirement of substantive reasonableness "provide[s] a backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." United States v. Rigas, 583 F.3d 108, 123 (2d Cir. 2009). An above-Guidelines sentence for a violation of supervised release is less likely to be unreasonable if the district court had imposed a below-Guidelines sentence on the underlying conviction. Verkhoglyad, 516 F.3d at 129-30; USSG § 7B1.4, Application Note 4 ("[w]here the original sentence was the result of a downward departure . . . an upward departure may be warranted" upon a future violation of supervised release).

3

A below-Guidelines sentence was imposed for Hightower's original Hobbs Act conspiracy and accompanying firearms charge.  His criminal conduct while on supervised release and his violations represent a breach of trust.  The district court's 48-month sentence was neither "shockingly high, shockingly low, [n]or otherwise unsupportable as a matter of law."  Rigas, 583 F.3d at 123.

Finally, Hightower argues that a sentence of incarceration was impermissible because the district court failed to advise him prior to his guilty plea that a violation of supervised release could result in imprisonment.  At the time of Hightower's plea hearing, the district court was required to "inform the defendant of, and determine that the defendant understands, . . . any maximum possible penalty, including imprisonment, fine, and term of supervised release."  Fed. R. Crim. P. 11(b)(1)(H).  However, any "variance from the requirements of [Rule 11] is harmless error if it does not affect substantial rights."  Fed. R. Crim. P. 11(h).  Hightower's plea agreement stated that a violation of supervised release could result in jail time.  Before pleading guilty, he confirmed that he understood the plea agreement, and the district court advised him that the maximum possible sentence was life imprisonment and that he may be subject to supervised release.  Even assuming, without deciding, that the district court should have explained the implications of violating supervised release, on these facts the error was harmless.  Cf. United States v. Andrades, 169 F.3d 131, 134 (2d Cir. 1999).

For the foregoing reasons, and finding no merit in Hightower's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4